# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| REBECCA JANE TEBBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:17-cv-00447-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *sued as Andrew Saul, Commissioner of SSA,*[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Rebecca Jane Tebbe brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On July 17, 2018, upon motion by the Commissioner pursuant to a stipulation by the parties, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 22, 23).

Tebbe's attorney, Joseph Shull ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $15,198.15 for Counsel's representation of Tebbe in federal court, less an offset for $12,000 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF 32). The Commissioner does not oppose Counsel's fee request. (ECF 35). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On October 13, 2017, Counsel entered into a Federal District Court Fee Agreement (the "Fee Agreement") with Tebbe for his representation of her in federal court, in which Tebbe

---

[1] Andrew Saul is now the Commissioner of Social Security, *see, e.g., Saunders v. Saul*, 777 F. App'x 821 (7th Cir. 2019); *Michael T. v. Saul*, No. 19 CV 1519, 2019 WL 3302215, at *1 n.2 (N.D. Ill. July 23, 2019), and thus, he is automatically substituted for Nancy Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

agreed to pay him 25% of any past-due benefits awarded to her.² (ECF 33-2).

On October 27, 2017, Tebbe filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). On July 17, 2018, pursuant to a stipulation by the parties, the Court entered a judgment in Tebbe's favor and remanded the case to the Commissioner for further proceedings. (ECF 22, 23, 24).

On May 19, 2020, Tebbe filed a request for EAJA fees in the amount of $12,929.40, seeking payment for the 65.3 hours of attorney time spent advocating her claim in federal court. (ECF 25). The parties subsequently stipulated to an EAJA fee award of $12,000, which the Court granted. (ECF 30, 31).

On November 20, 2019, the Commissioner sent a notice of award to Tebbe, informing that she was entitled to monthly disability benefits beginning October 2013 and past-due benefits of $60,792.50—that is, a "first check" in the amount of $45,594.38 plus $15,198.12 withheld toward payment of attorney fees. (ECF 33-1).

On May 19, 2020, Counsel filed the instant motion seeking the Court's approval of $15,198.12 in attorney fees before this Court, requesting that the previously paid EAJA fees be offset from this amount, resulting in a net payment to Counsel of $3,198.12.³ (*See* ECF 33 at 1, 5).

---

² The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

³ While the notice of award reflects that the Commissioner withheld $15,198.12 for attorney fees, Counsel actually requests a fee award of three cents more, $15,198.15. (*Compare* 33-1 at 4, *with* ECF 32, 33). The Court regards Counsel's request for three cents more to be a mere scrivener's error, and thus, the Court used $15,198.12 in analyzing the motion.

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[4] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee of $15,198.12 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). The notice of benefits from the Commissioner indicates that Tebbe was awarded $60,792.50 in past-due benefits. (*See* ECF 33-1 at 2, 4). Thus, the fee amount that Counsel requests, $15,198.12, does not exceed twenty-five percent of Tebbe's past-due benefits.

Counsel contends that the requested fee award of $15,198.12 is reasonable for the 65.3 attorney hours spent representing Tebbe in federal court. It is obvious that Counsel obtained a good result for Tebbe, as the Commissioner ultimately found her disabled and awarded her

4

$60,792.50 in back benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). In doing so, Counsel requested two, twenty-eight day extensions (ECF 17, 19); as such, Counsel did not unduly delay the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Here, Counsel's requested fee of $15,198.12 divided by the 65.3 hours he spent on the case in federal court equates to an effective rate of approximately $233 per hour.[6] As such,

---

[6] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No.

Counsel's requested fee equates to an effective rate well below previous awards approved by this Court.  *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).

Accordingly, Counsel's requested fee award of $15,198.12 under § 406(b) will be authorized by this Court, but will incorporate an offset for the $12,000 in EAJA fees previously received by Counsel, reducing the fee award to $3,198.12.  *See Gisbrecht*, 535 U.S. at 796.

### D.  Conclusion

For the foregoing reasons, Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 32) is GRANTED in the amount of $15,198.12 less an offset of $12,000 for previously awarded EAJA fees, resulting in a net § 406(b) award of $3,198.12 to Counsel.

SO ORDERED.

Entered this 15th day of September 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").